UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:21-cr-48-TJC-PDB

KIMBERLY MICHELLE CLARIDY WALKER

### UNITED STATES OF AMERICA'S UNOPPOSED
### MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States moves the Court, pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2), for a Preliminary Order of Forfeiture for the following assets, which was property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the drug conspiracy as charged in Count One Superseding Indictment:

(1) a Rolex Datejust watch, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(2) a Rolex Day-Date watch, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(3) a gold necklace containing large lion head charm with clear and red stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(4) a gold necklace with small lion head charm, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(5) a large gold chain link bracelet, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(6)      a gold chain link necklace containing clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(7)      a gold diamond cut bracelet, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(8)      a gold bracelet with circular flowers and clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(9)      a gold bracelet containing large X's with clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(10)      a gold bracelet containing smaller X's with clear stones, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(11)      a Christian Louboutin purse, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021,

(12)      a Christian Louboutin belt, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021, and

(13)      a pair of Versace shoes, size 38, seized during the search of 7253 Michael Terrace, Jacksonville, Florida, on or about April 13, 2021.

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

I.  **Statement of Facts**

   A.  **Allegations Against the Defendant**

   1. The defendant was charged in a Superseding Indictment, in relevant part, with conspiracy to distribute and to possess with intent to distribute alpha-PVP and MDMA, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One), and with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B) (Count Four). Doc. 114.

   2. The Superseding Indictment contains forfeiture allegations, which provide the defendant with notice that upon conviction for the offense charged in Count One, the United States would seek forfeiture of any property, real or personal, which constitutes or was derived from proceeds obtained as a result of such offense and any property used to facilitate the commission of, the offense, specifically the assets idented on pages 1-2, *supra*.[1] *Id.* at 8-13.

   B.  **Finding of Guilt and Admissions Relating to Forfeiture**

   3. On February 23, 2022, without the benefit of a plea agreement, the defendant pled guilty to Counts One and Four of the Superseding Indictment. Doc.

---

[1] The United States will not seek criminal forfeiture of all the United States currency, vehicles, firearms, magazines, and ammunition because the Bureau of Alcohol, Tobacco, Firearms and Explosives has completed the administrative forfeiture of those assets. Doc. 281.

3

275. The Court accepted the defendant's plea, adjudicated him guilty, and set the defendant's sentencing for January 31, 2023. Doc. 356.

    4.    The Factual Basis of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 277) states that the defendant and co-defendant Neal Merrell Walker were the leaders of a drug trafficking organization in Jacksonville, Florida. *Id.* at 5. Beginning in July 2018, at the latest, and continuing until April 13, 2021, the organization distributed drugs from a "trap house" in Jacksonville that was controlled by the defendant and Neal Walker. *Id.* Sellers at the trap house worked in regular shifts, usually three per day, and the trap house was almost always staffed by at least one seller, 24 hours a day. *Id.* When a seller finished his shift, he provided the defendant with a count of the drugs remaining at the house and of the money that had been made from the drug sales. *Id.* The defendant then told the seller how much he could take out of the money as his pay, which was about 25% of the money collected from the sales. *Id.* at 5-6. The sellers also told her when they were getting low on drugs and she would arrange for more drugs to be brought to the trap house and for the packaging of additional drugs, if necessary. *Id.* at 6.

During each shift, sellers at the trap house sold an average of approximately 44 grams of α-Pyrrolidinopentiophenone, or alpha-PVP, or similar synthetic cathinones such as Eutylone or alpha-PiHP, all of which are sometimes called "flakka" and are Schedule I controlled substances, and approximately 3.4 grams of

3,4-methylenedioxymethamphetamine, or MDMA, or similar amphetamine-like drugs, all of which are sometimes called "molly" and are Schedule I controlled substances. *Id.* During a search of the Walkers' residence on April 13, 2021, agents seized, among other things, the assets identified above, all of which was property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the drug trafficking conspiracy alleged in Count One. *Id.* at 6-11.

    5.    On September 14, 2022, the undersigned discussed this motion with defense counsel, who advised that the defense has no objection this motion.

## II. Applicable Law

### A. Forfeiture Authority

The United States is entitled to criminally forfeit the property, pursuant to 21 U.S.C. § 853, as charged in Count One, which provides that a defendant must forfeit any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. *See* 21 U.S.C. § 853(a)(1) and (2).

### B. Court's Determination of Forfeiture

Rule 32.2, Fed. R. Crim. P., governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1)(A) requires that as soon as practical after a verdict or finding of guilty on any count in a Superseding Indictment or Information for which criminal forfeiture

5

is sought, the Court must determine what property is subject to forfeiture under the applicable statute. The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Fed. R. Crim. P. 32.2(b)(1), provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. As was established in the Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, the assets identified above was property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the drug trafficking conspiracy alleged in Count One; therefore, the assets are subject to forfeiture, pursuant to 21 U.S.C. § 853.

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the cell phone. The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in

the property must be deferred until a third-party file a claim in an ancillary proceeding under Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By: *s/Mai Tran*
     MAI TRAN
     Assistant United States Attorney
     Florida Bar No. 100982
     300 N. Hogan Street, Suite 700
     Jacksonville, Florida 32202
     Telephone: (904) 301-6300
     Facsimile: (904) 301-6310
     E-Mail: mai.tran2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

      *s/Mai Tran*
      MAI TRAN
      Assistant United States Attorney