UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 3:21-cr-48(S1)-TJC-PDB

KIMBERLY MICHELE CLARIDY WALKER

**DEFENDANT'S REPLY REGARDING RETURN OF PROPERTY**

Kimberly Michele Claridy Walker, through the undersigned, herein files a reply to the government's opposition to Mrs. Walker's *pro se* motion for return of property.

*I. The appeal has divested the Court of jurisdiction to alter the forfeiture provisions of its judgment.*

As to the items that were forfeited pursuant to the Court's judgment of conviction, the government is correct that the pending appeal would divest jurisdiction from this Court as to any item that is the subject of the appeal. "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 638 n.14 (11th Cir. 2010) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Mrs. Walker's remedy, if any, currently lies with the Eleventh Circuit as to the items other than the vehicles.

*II. The Court should vacate the administrative forfeiture of the remaining items under 28 U.S.C. § 983(e).*

With respect to the administrative forfeitures of the vehicles, this Court's power to act is circumscribed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). *Mesa Valderrama v. U.S.*, 417 F.3d 1189, 1195 (11th Cir. 2005) (discussing 18 U.S.C. § 983). "CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* (citing 18 U.S.C. § 983(e)(5)).

Under CAFRA, any "person entitled to written notice in any nonjudicial civil forfeiture proceeding" who "does not receive such notice" may file a motion to set aside a declaration of forfeiture if "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and … the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). Forfeiture notice procedures must be reasonably directed at providing actual notice under the circumstances known to the Government. *Dusenbery v. United States*, 534 U.S. 161, 186, 701 (2002).

The Government's evidence consists of two identical form letters stamped "approved" by an Associate Chief Counsel Associate in the ATF's own asset forfeiture division. (D.E. 493-1 and 493-2). These Declarations of Administrative Forfeiture declare only that notice "was sent to each party who appeared to have an interest in this/these property(ies)." (*Id.*).

2

This boilerplate recitation of statutory criteria is not competent evidence that notice was sent to Mrs. Walker at her place of incarceration, which the Government must show.  *See United States v. Nguyen*, No. 3:14-CR-00065-GNS-1, 2017 U.S. Dist. LEXIS 166063, at *6-16 (W.D. Ky. Oct. 5, 2017).  In *Nguyen*, the court vacated an administrative order where the Government sent notice to a defendant's home instead of the local jail where he was incarcerated.  *Id.* at *14-16.  Proof of notice was deemed sufficient only for the items covered by the notices sent directly to the incarcerated defendant, which featured corroborating circumstantial evidence of actual awareness.  *Id.* at *9-14.

Here, there is no evidence that notice was directed to Mrs. Walker at any address.  Additionally, Mrs. Walker will submit an affidavit to the Court swearing that she did not receive notice of the administrative forfeiture proceedings.[1]  As in *Nguyen*, the evidence will establish that she had at best "a general understanding that property was subject to forfeiture," rather than a particularized "reason to know that these [vehicles] were being forfeited."  *Id.* at *16.  As in *Nguyen*, this Court too should set aside the administrative forfeiture because the evidence does not show that the United States took reasonable steps to give notice of the forfeiture proceedings.

Respectfully Submitted,

/s/ Gray Proctor

---

[1] Ms. Walker is filing her sworn statement directly with the Court.  Additionally, appellate counsel will submit her sworn statement as supplemental evidence through CM/ECF when he receives it from Ms. Walker, who is incarcerated at FCI Tallahassee.

3

        GRAY R. PROCTOR
Florida Bar No. 48192
146 Brandywyne Drive
Florham Park, NJ 07932
ph:    (202) 469-1754
em:   gray@allappeals.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and sent a true and correct copy of this motion to

    Kimberly Walker
    Reg. No. 39584-509
    FCI Tallahassee
    P.O. Box 5000
    Tallahassee, FL 32314

        /s/ Gray Proctor
        Attorney for Defendant