UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:21-cr-48-TJC-PDB

KIMBERLY MICHELLE CLARIDY WALKER

**UNITED STATES' SUR-REPLY REGARDING
DEFENDANT'S MOTION REQUESTING RETURN OF PROPERTY**

The United States of America files this sur-reply in response to Defendant's Reply Regarding Return of Property (Doc. 503). This Court has discretion to require Defendant to file her motion for return of property (Doc. 490) pursuant to 18 U.S.C. § 983(e). To the extent the Court construes Defendant's motion as a motion pursuant to § 983(e) in the instant criminal case, the motion should be denied because the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) mailed notice of the administrative forfeiture of the four vehicles to Defendant at both her last known residence and at the Baker County Jail, where she was known to be incarcerated, and evidence demonstrates that both notices were received. Thus, ATF has provided adequate notice of the administrative forfeiture consistent with due process.

**MEMORANDUM OF LAW**

**I.   PROCEDURAL HISTORY**

1. On April 24, 2023, Defendant filed a *pro se* Motion Requesting the Return of Property. Doc. 490.

2.  On May 14, 2023, the United States filed its Response to Defendant's Motion for Return of Property, stating that the property that Defendant sought returned had been judicially or administratively forfeited, and including copies of the Declarations of Administrative Forfeiture as to four vehicles. Doc. 493. The United States explained that the only avenue to challenge the judicial forfeiture was through direct appeal, and that 18 U.S.C. § 983(e) was the exclusive remedy for challenging the administrative forfeiture. *Id.*

3.  On June 13, 2023, Defendant filed a Reply Regarding Return of Property (Doc. 503), agreeing that the Court was divested of jurisdiction to alter the forfeiture provisions of its judgment, but maintaining that the Court should vacate the administrative forfeiture of the four vehicles pursuant to 18 U.S.C. § 983(e).[1]

4.  On June 21, 2023, this Court granted the United States request to file a sur-reply, indicating that "additional briefing would be helpful" as to whether a criminal defendant must file a civil action to obtain relief. Doc. 505.

## II. LEGAL ARGUMENT

### A. 18 U.S.C. § 983(e) Is the Exclusive Remedy for Setting Aside an Administrative Forfeiture.

The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106-185, 114 Stat. 202, codified in part at 18 U.S.C. § 983, established procedures for most federal civil and non-judicial (administrative) forfeiture actions initiated after

---

[1] Since Defendant appears to agree that the appeal divests jurisdiction from this Court as to any assets which were judicial forfeited, this Sur-Reply focuses on the administrative forfeiture of the remaining four vehicles.

2

August 23, 2000, including those brought against property subject to forfeiture under 21 U.S.C. § 881. In accordance with these governing procedures, following any seizure of property for administrative forfeiture, the government must provide notice by publication and written notice to the parties that might have an interest in the subject property. *See* 18 U.S.C. § 983(a); 19 U.S.C. § 1607(a). If, after providing the required notice, no party submits a claim for the funds by the applicable deadline, the government may enter a declaration of forfeiture which has the same force as a "final decree and order of forfeiture, issued in a judicial proceeding." 19 U.S.C. § 1609.

As conceded by Defendant in her Reply (Doc. 503 at 2), after a declaration of forfeiture has been entered, 18 U.S.C. § 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5) ("A motion filed under this subjection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."); *see also Mesa Valderrama v. United States*, 417 F.3d 1189, 1195-96 (11th Cir. 2005) (explaining that a motion to set aside forfeiture under 18 U.S.C. § 983(e) is the "exclusive remedy" to challenge an administrative forfeiture). A defendant may only obtain relief under 18 U.S.C. § 983(e) when the government has failed to comply with CAFRA's notice requirements. *See Mesa Valderrama*, 417 F.3d at 1196 (finding that movant may not challenge the merits of a forfeiture action via 18 U.S.C. § 853(e), which only provides relief "in instances where the injured party did not receive adequate notice to challenging the proceeding" and the record demonstrated that the movant received appropriate notice of the administrative forfeiture action).

B.     **The Court Has Discretion to Order Defendant to Seek Relief in a Separate Civil Action Pursuant to 18 U.S.C. 983(e)²**

Defendant's counsel requests that Defendant's motion be construed as a motion pursuant to 18 U.S.C. § 983(e), which is "the functional equivalent of a complaint in a civil case." *United States v. Moore*, 628 F. App'x 736, 737 (11th Cir. 2016) (citing to *United States v. De La Mata*, 535 F.3d 1267, 1278 (11th Cir. 2008) (internal quotations omitted). In *Moore*, where the defendant sought to vacate an administrative forfeiture in his criminal case, the Eleventh Circuit explained that "[t]he district court should have construed [defendant's] pro se motion as a motion to set aside assert [sic] forfeiture under 18 U.S.C. § 983(e) and docketed it as a new civil matter" because "[a] § 983(e) . . . is a new civil proceeding, not a continuation of the underlying criminal case." 628 F. App'x at 737.³ However, the Eleventh Circuit

---

² In effort to provide additional briefing on this separate issue, the United States recognizes and apologies that this Sur-Reply is lengthier than the originally intended.

³ Other district courts in and outside of the Eleventh Circuit have found it procedurally improper for an § 853(e) motion to be filed in a defendant's underlying criminal case. *See, e.g., United States v. Barnhardt*, 555 F. Supp. 2d 184, 187 (D.D.C. 2008) (holding that§ 983(e) motion was not a matter ancillary to defendant's underlying, closed criminal case, and directing the clerk of court to open a new civil action and transfer the defendant's § 983(e) motion to the new action); *United States v. Lopez*, No. 10-158-KD-N, 2012 WL 3827365, at *1 (S.D. Ala. Sept. 4, 2012) (holding that, where property was administratively forfeited, the defendant's "only option is to commence a civil proceeding against [the seizing agency] in which he could move to set aside the administrative forfeiture" but refusing to open a civil case "in the absence of a filing fee or motion to proceed *in forma pauperis*"); *United States v. Bailey*, 209 F. Supp. 3d 55, 68, fn. 1 (D.D.C. 2016) (stating that "it would be improper" for the court to decide motions brought pursuant to § 983(e) as a matter ancillary to the petitioner's underlying closed criminal case and denying motions without prejudice to permit the defendant to pursue claims in a civil proceeding).

4

concluded that the lower court's decision to docket the motion in the defendant's criminal case, rather than as a new civil matter, "did not deprive the court of jurisdiction." *Id.* However, the opinion in *Moore* does not elaborate on the source of the district court's jurisdiction to decide the § 983(e) motion.

On at least a few occasions, this Court, while presiding over a criminal case, has apparently assumed that it can decide a defendant's § 983(e) motion. *See United States Dietch*, No. 6:16-cr-123-CEM-GJK, 2021 WL 5772357, at *3 (M.D. Fla. Aug. 23, 2021), *r. & r. adopted*, 2021 WL 4810920, at *2 (M.D. Fla. Oct. 15, 2021); *United States v. Ferguson*, No. 5:18-cr-10-Oc-27PRL, 2019 WL 4399988 (M.D. Fla. Aug. 27, 2019). Since the same district court presiding over the criminal action has jurisdiction to hear an § 853(e) motion if brought via a separate civil action, albeit from different sources of authority, a district court may choose to exercise its discretion to consolidate the matters, which has been done approvingly in other contexts outside of forfeiture. *See In re Westec*, 434 F.2d 195, 205 (5th Cir. 1970) (although district court's jurisdiction for bankruptcy case and for civil matter proceeded from different sources, "it was one and same court handling these matters," so court had authority to sever bankruptcy counterclaim and consolidate it with case on general civil docket); *see also In re Hipp, Inc.*, 5 F.3d 109, 113 n.8 (5th Cir. 1993) (rejecting defendant's challenge to his criminal-contempt conviction because the contempt had been docketed and tried using the same docket number as his underlying bankruptcy case: "[w]e refuse to attach such jurisdictional significance to the docket number under which the matter was prosecuted").

5

### C. Defendant's Motion Must Be Denied Because Defendant Had Adequate Notice of the Administrative Forfeiture

To the extent the Court chooses to construe Defendant's motion as a motion to set aside the administrative forfeiture of the vehicles under 18 U.S.C. § 983(e), such motion should be denied because the government took steps that were reasonably calculated to notify Defendant of the forfeiture proceedings. *Dietch*, 2021 WL 5772357, at *3 (construing defendant's motion as a motion pursuant to § 983(e) and concluding that motion would fail because government provided adequate notice of forfeiture). Section 983 allows any person entitled to written notice in an administrative forfeiture proceeding who did not receive such notice to set aside a declaration of forfeiture if the person can prove: 1) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and 2) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1)(A); *see also Mesa Valderrama*, 417 F.3d at 1195.

The notice necessary to satisfy due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Mesa Valderrama*, 417 F.3d at 1996-97 (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (internal quotations omitted). Reasonable notice requires only that the United States ***attempt*** to provide actual notice; it does not require that the United States demonstrate that it was

6

successful in providing actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Mesa Valderrama*, 417 F.3d at 1197.

In this instance, the government took reasonable steps to attempt to provide Defendant with notice of the administrative forfeiture, such that Defendant's motion should be denied. As set forth in the Declaration of Marcella David, Division Operations Officer with ATF, attached hereto as Exhibit A, ATF mailed notice to Defendant's residence after determining that it was a current and valid address for Defendant. Ex. A at 2. An individual by the name of B. Williams signed for the delivery. Ex. A-1 (Fed-Ex Tracking). Thus, because the notice was mailed to an address reasonably believed to be Defendant's address, and the notice was not returned undeliverable or unclaimed, the notice was sufficient. S*ee VanHorn v. Fla.*, 677 F. Supp. 2d 1288, 1295 (M.D. Fla. 2009); *see also Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988) ("We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.").

ATF also mailed notice to the Baker County Jail, where Defendant was known to be incarcerated. Ex. A-2 (UPS Tracking).  Tracking on the package confirmed that the notice was delivered at the jail at 10:41 AM on June 1, 2021. *Id.* Thus, Defendant was afforded adequate notice. *See United States v. Wade*, 230 F. Supp. 2d 1298, 1308-09 (M.D. Fla. 2002) (finding that notice sent to place of incarceration satisfies defendant's due process rights consistent with *United States v. Dusenbery*, 534 U.S. 161 (2002); government is not required to make "heroic efforts").

7

## III. CONCLUSION

Accordingly, for the reasons above, the United States respectfully requests that the Court deny Defendant's Motion for Return of Property.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:     *s/Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-Mail: mai.tran2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney